IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terrell Chandler, #300938, | ) | C/A No.: 1:16-2994-HMH-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Joseph McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Terrell Chandler ("Petitioner") is an inmate at the Lieber Correctional Institution

of the South Carolina Department of Corrections. He filed this pro se petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to

28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and

Recommendation on Respondent's motion for summary judgment and return filed on

October 11, 2016. [ECF Nos. 8, 9]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th

Cir. 1975), the court advised Petitioner of the summary judgment and dismissal

procedures and the possible consequences if he failed to respond adequately to

Respondent's motion by November 17, 2016. [ECF No. 10]. After obtaining an extension

[ECF No. 12], Petitioner filed a response on December 5, 2016, [ECF No. 14], to which

Respondent filed a reply on December 12, 2016. [ECF No. 18].

Having carefully considered the parties' submissions and the record in this case,

the undersigned recommends that Respondent's motion for summary judgment [ECF No.

8] be granted.

I.      Factual and Procedural Background

At trial, the state presented evidence that on May 30, 2008, the victim Calvin Gibbs ("Gibbs") drove to Petitioner's apartment complex to pursue a drug transaction. [ECF No. 9-1 at 363, 365–68, 427, 432–34, 438–39]. Gibbs' girlfriend, Cherelle Anderson ("Anderson"), was a passenger in the vehicle. *Id.* at 363, 364–67, 373. Petitioner, Steven Brown, and twin brothers Che Carr ("Carr") and Storme Carr were at Petitioner's apartment "chilling out, trying to get some more weed." *Id.* at 427, 432–33. As Gibbs pulled into the apartment complex, he was flagged down by Carr who directed him to pull up "a little pass the breezeway." [ECF No. 9-1 at 368–70; ECF No. 9-2 at 78– 80]. Carr and Gibbs talked and Gibbs gave Carr some cocaine. [ECF No. 9-1 at 369–70, 387–88]. Carr informed Gibbs he had to "go back and get his money" and Carr returned to the apartment. *Id.* at 370. Gibbs and Anderson waited in the car "for some minutes" before Carr and a taller man approached Gibbs. *Id.* at 371–72. Two other guys were also "running around" the car. *Id.* at 372, 380. One of the men on the driver's side pointed a gun in the window, said "I got you now," and shot Gibbs. *Id.* at 372–74, 386, 439–41. Gibbs and Anderson drove away, and Gibbs subsequently died at the hospital from the gunshot wound. [ECF No. 9-1 at 373–75, 377–78; ECF No. 9-2 at 383]. Petitioner was identified as the owner of the gun and the person who shot Gibbs. [ECF No. 9-1 at 428– 32, 439–41; ECF No. 9-2 at 4–5, 10–12, 89–91, 93–94].

Petitioner was indicted by the Charleston County grand jury during the November 2008 term of court for murder (2008-GS-10-8361) and possession of a firearm during the commission of a crime (2008-GS-10-8359). [ECF No. 9-3 at 51–52, 54–55]. Petitioner

was represented by Sam Mitchell Slade, Jr., Esq., and Waring Simons Howe, Jr., Esq., and proceeded to a jury trial on June 7–11, 2010, before the Honorable Roger M. Young, Sr., Circuit Court Judge. [ECF No. 9-1 at 3 *et seq.*]. The jury found Petitioner guilty as charged [ECF No. 9-3 at 25–26], and Judge Young sentenced Petitioner to 45 years for murder and five years consecutive for the gun charge. *Id.* at 48.

Petitioner appealed his convictions to the South Carolina Court of Appeals ("Court of Appeals"). On appeal, Petitioner was represented by Tristan M. Shaffer, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. [ECF No. 9-4]. Attorney Shaffer filed a final brief on or about September 6, 2011, raising the following issue:

> Did the Trial Court err in finding that Appellant's statement to police was voluntary when he was told that if he refused to give a statement he would be charged with murder.

*Id.* at 4. On May 23, 2012, the Court of Appeals filed an unpublished decision affirming Petitioner's convictions. [ECF No. 9-6]. The remittitur was issued on September 25, 2012. [ECF No. 9-7].

Petitioner filed an application for post-conviction relief ("PCR") on August 1, 2012, in which he alleged ineffective assistance of counsel claims. [ECF No. 9-3 at 57–64]. At PCR, Petitioner was represented by Charles Brooks, Esq. *Id.* at 75–134. PCR evidentiary hearing was held before the Honorable Stephanie P. McDonald, Circuit Court Judge, on November 18, 2013, at which Petitioner and his trial counsel testified. *Id.* On October 27, 2014, Judge McDonald issued an order of dismissal. *Id.* at 135–48.

Petitioner appealed the denial of his PCR. Appellate Defender Katherine H. Hudgins of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented him on appeal. [ECF No. 9-8]. Attorney Hudgins filed a *Johnson* petition[1] for writ of certiorari in the South Carolina Supreme Court on or about July 6, 2015, raising the following issue: "Did the PCR judge err in refusing to find trial counsel ineffective for not moving to strike a juror who was related to one of the State's witnesses?" *Id.* at 3. Petitioner's counsel asserted that the petition was without merit and requested permission to withdraw from further representation. *Id.* at 10.

By order dated April 15, 2016, the South Carolina Supreme Court denied the petition for certiorari. [ECF No. 9-9]. The remittitur was issued on May 3, 2016. [ECF No. 9-10]. Petitioner filed this federal petition for a writ of habeas corpus on August 23, 2016. [ECF No. 1-3 at 1].[2]

---

[1] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

[2] The petition was received and docketed by the court on September 1, 2016. [ECF No. 1]. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope containing the petition was deposited in the prison mailing system on August 23, 2016. [ECF No. 1-3 at 1].

II.    Discussion

A.    Federal Habeas Issues

Petitioner states the following grounds in his habeas petition:

**Ground One:**    The South Carolina Court of Appeals decision affirming Petitioner's conviction and sentence, that his statement was voluntary, was an unreasonable determination of the facts in light of the evidence presented in the trial.

Supporting Facts: Petitioner was placed in a 10x10 hot and stuffy room for five hours for interrogation. Only a short portion of this interrogation was recorded. Petitioner gave a written statement after being told that if he refused to make a statement he would be charged with murder. The lead detective (Osborne) stepped out of the room and a Detective Fleming entered the small room [detective that told Petitioner he had to make a statement or be charged with murder].

**Ground Two:**    Ineffective Assistance of Trial Counsel

Supporting Facts: Trial counsel rendered constitutionally deficient assistance in failing to request that the jury be instructed that the testimony of a co-defendant who provides evidence against the defendant [Petitioner] for expected gain, the hope of reward or for personal advantage or vindication, must be examined and weighed by the jury with the greater care than the testimony of an ordinary witness.

**Ground Three:**    Due Process Violation—Fourteenth Amendment to the United States Constitution.

Supporting Facts: The state proffered false testimony from co-defendant and state's witness Steven Brown in regards to the Petitioner's involvement in the murder of Calvin Gibbs. Brown testified at Petitioner's trial that he entered into a proffer agreement with the state. That all he had to do—give truthful information to the solicitor's office—to tell the truth.

**Ground Four:**     Ineffective Assistance of Appellate Counsel violation of Sixth and Fourteenth Amendments, Due Process violation
<u>Supporting Facts</u>: Appellate counsel was ineffective in failing to raise the issues of accomplice liability jury charge requested by the State that was objected to and argued before the trial court and overruled, on direct appeal.

**Ground Five:**     Ineffective Assistance of Appellate Counsel, violation of Sixth and Fourteenth Amendments, Due Process violation.

<u>Supporting Facts</u>: Appellate counsel was ineffective for failing to raise "The trial court erred in refusing to grant a directed verdict on the charge of murder because the State failed to present any substantial evidence beyond a reasonable doubt of Appellant's guilt."

[ECF No. 1 at 5–10, 16–27] (errors in original).

B.     Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255.  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

C.  Habeas Corpus Standard of Review

1.  Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.  Moreover, state court factual determinations are presumed to

be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)      (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)      the applicant has exhausted the remedies available in the courts of the State; or

(B)      (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[3] Furthermore, strict time deadlines govern direct appeal and the filing of a

---

[3] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found

PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)(internal citations omitted). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed

---

that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854. As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted." *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the Court of Appeals.

### b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to

a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

### 3.     Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the state's courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir.), cert. denied, 555 U.S. 868 (2008). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### 4.     Ineffective Assistance of Counsel Claims

To prevail on his ineffective assistance of counsel claims, Petitioner must show (1)

that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 562 U.S. at 104; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 562 U.S. at 88 (*quoting Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 562 U.S. at 105. In such circumstances, the "question is not whether counsel's actions were reasonable," but whether "there is any reasonable argument that counsel satisfied Strickland's deferential standards." *Id.* The

13

unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id*. at 102, quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

      D.     Analysis

           1.     Procedurally-Barred Grounds

As an initial matter, Respondent alleges Petitioner's Grounds Two, Three, Four, and Five are procedurally barred because they were not raised to and ruled upon by the PCR court. [ECF No. 9 at 28]. The undersigned agrees. In Ground Two, Petitioner claims his trial counsel was ineffective in failing to request that the court instruct the jury that a co-defendant's testimony, given for an expected gain, "must be examined and weighed by the jury with greater care than the testimony of an ordinary witness." [ECF No. 1 at 7]. In Ground Three, Petitioner argues his due process rights were violated when the state offered false testimony from co-defendant Brown concerning Petitioner's involvement in Gibbs's murder. *Id*. at 8. In Grounds Four and Five, Petitioner alleges his appellate counsel was ineffective in failing to raise the issues of (a) the accomplice liability jury charge and (b) the trial court's refusal to grant a directed verdict on the murder charge. *Id.* at 10, 25.

Because the claims in Grounds Two, Three, Four, and Five were not raised to or ruled upon by the appellate or PCR courts, they were not preserved for review. *See*, *e.g.*,

*Coleman v. Thompson*, 501 U.S. 722 (1991) (holding issue not properly raised to state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas); *Pruitt v. State*, 423 S.E.2d 127 (S.C. 1992) (holding issue must be raised to and ruled on by the PCR judge in order to be preserved for review). As a result, these claims were not properly presented to the South Carolina appellate courts, which would find them procedurally defaulted if Petitioner attempted to raise them now. Accordingly, Petitioner's claims in Grounds Two through Four are barred absent a showing of cause and actual prejudice or actual innocence. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

### 2. Cause and Prejudice

Petitioner has withdrawn Grounds Three and Five, *see* ECF No. 14 at 10, 27, and he has not shown sufficient cause and prejudice to excuse the default of Grounds Two and Four. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, these claims are procedurally barred from consideration by this court and should be dismissed. *See* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (finding that in order to show prejudice a petitioner must

show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Rodriguez*, 906 F.2d at 1159 (a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent") (*citing Murray*); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on these claims. Petitioner had a trial, a direct appeal, a PCR hearing, and a PCR appeal in which to raise these issues. However, he failed to raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has abandoned the opportunities to preserve these issues.

Petitioner cites to the holding in *Martinez v. Ryan*, 566 U.S. 1 (2012), and argues the procedural bar applied to Grounds Two and Four should be lifted due to his PCR counsel's ineffectiveness. [ECF No. 14 at 10]. Petitioner requests that the court "extend Martinez's equitable relief to § 2254(e)(2)" and states the court should "permit expansion of the record to determine collateral counsel's ineffectiveness and trial counsel's ineffectiveness without applying § 2254 (e)(2)." *Id.* at 12, 15. Petitioner further argues his PCR counsel was ineffective for failing to "raise, amend, or correct pro se issues raised by Petitioner." *Id.* at 23. Petitioner argues PCR counsel's failure to recognize the

issues presented in Ground Two and Four, and to present these issues at the PCR hearing, was deficient performance. *Id.* at 23, 26.

In *Coleman v. Thompson*, the Supreme Court held that ineffective assistance of counsel will constitute cause only if it is an independent constitutional violation. 501 U.S. 722, 755 (1991). In *Martinez*, the Court recognized a narrow exception to the rule established in *Coleman* and held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9.

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*. To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

569 U.S. at 14. (internal citation omitted).

In support of his Ground Two claim, Petitioner argues his trial counsel was ineffective in failing to request a "co-defendant instruction." [ECF No. 14 at 19]. Petitioner alleges if the trial court had instructed the jury to weigh his co-defendant's testimony with "greater care than the testimony of an ordinary witness," there is a reasonable probability that that outcome of his trial would have been different. *Id.* at 19, 22. Petitioner acknowledges the "trial judge did generally instruct the jury about the credibility of witnesses," but argues "under the facts of this case, the instruction was not

adequate." *Id.* at 21. Petitioner, however, does not explain why the trial court's credibility instruction was inadequate, nor does he identify any South Carolina case law to support his claim that a "co-defendant instruction" is a proper jury charge that should have been given in his case. Accordingly, the undersigned recommends the court uphold the procedural bar as to Ground Two, as Petitioner fails to show cause to excuse his procedural default under *Martinez*, 566 U.S. at 12–16.

In Ground Four, Petitioner alleges the trial court erred in overruling trial counsel's objection and charging the jury on "accomplice liability [hand of one hand of all]" because the state's theory was Petitioner was the shooter. [ECF No. 14 at 24]. Petitioner argues "his appellate counsel was ineffective for failing to raise this issue on appeal. It was objected to on specific grounds and overruled by the trial court." *Id.* Petitioner claims "he has demonstrated 'prejudice' within the meaning of 'cause and prejudice' because 'the underlying ineffective-assistance-of-trial-counsel claim is a substantial one." *Id.* at 27. The undersigned finds *Martinez* does not apply to the allegations in Petitioner's Ground Four, as *Martinez* does not excuse the default of direct appeal claims. *See Martinez*, 566 U.S. at 12–16. *See also Ahmed v. Kelly*, No. 1:10cv184 (GBL/TCB), 2012 WL 4717298, at *9 n.2 (E.D. Va. Sept. 25, 2012) ("As this argument asserts an instance of trial court error reviewable on direct appeal, the holding of *Martinez* does not apply, and the claim is procedurally barred from review on the merits").

Examining the evidence before the court, the undersigned finds the procedural bar to Petitioner's Grounds Two and Four should not be lifted, as Petitioner has failed to

provide sufficient evidence to establish that the underlying ineffective assistance of trial counsel claims are meritorious.

In the alternative, Petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner cannot establish the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 338 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

During the trial, the solicitor presented the facts recited in the Factual Background section above, and the jury determined Petitioner was guilty of the murder and weapon charges. The record makes an assertion of actual innocence not credible. The undersigned finds Petitioner has failed to meet his burden of demonstrating actual innocence, and therefore, procedural bars apply to his claims in Grounds Two and Four.

3. Merits Review of Ground One

In Ground One, Petitioner argues the Court of Appeals' decision affirming the lower court's ruling that his second and third statement was voluntary was an unreasonable determination of the facts in light of the evidence presented at trial. [ECF No. 1 at 5; ECF No. 14 at 16].

During the hearing pursuant to *Jackson v. Denno*, 378 U.S. 368 (1964), to determine the admissibility of Petitioner's statements, Detective Osborne ("Osborne")

testified he read Petitioner his *Miranda* rights and Petitioner signed a *Miranda* card acknowledging his rights and stating his agreement to talk. [ECF No. 9-1 at 74–75]. Osborne stated Petitioner gave an initial statement that was not recorded or reduced to writing. *Id.* at 76–77. Osborne testified he then took a second statement from Petitioner that was audio-recorded, reduced to writing, and reviewed and signed by Petitioner. *Id.* at 77–79. Osborne said he left the interview room to do some paperwork and Detective Jerome Fleming ("Fleming") spoke with Petitioner. *Id.* at 79. Osborne stated he returned to the interview room and asked Petitioner if he wanted to amend his statement and Petitioner gave a third statement that was audio-recorded, but was not included in the written statement. *Id.* at 80.

Petitioner testified Fleming told him he had to write a statement or be charged with murder. *Id.* at 102. Petitioner described Fleming as having a "football buil[d], like a line backer" and stated it was intimidating to be in a small room alone with him. *Id.* at 103. Petitioner testified he gave the third statement "voluntarily, but [he] still had the ultimatum on the table. [He] didn't want to be charged with murder, so [he] gave a statement." *Id.* at 103–104.

On direct appeal, the Court of Appeals denied Petitioner's claim that his statement was involuntary finding:

> PER CURIAM: Terrell[] Chandler appeals his convictions for murder and possession of a firearm during the commission of a violent crime. He argues the trial court erred in finding his statement to police was voluntary, despite evidence he was told he would be charged with murder if he refused to give a statement. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

*State v. Wilson*, 345 S.C. 1, 5-6, 545 S.E.2d 827, 829 (2001) (recognizing in criminal cases, appellate courts review errors of law only and are bound by factual findings of trial court unless clearly erroneous); *State v. Gillian*, 373 S.C. 601, 613, 646 S.E.2d 872, 878 (2007) (placing admission or exclusion of evidence within trial court's sound discretion and permitting appellate courts to disturb such a ruling only upon a showing of a manifest abuse of discretion accompanied by probable prejudice); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law.").

*Berghuis v. Thompkins*, 130 S. Ct. 2250, 2260 (2010) (requiring State to establish accused's knowing and voluntary waiver of *Miranda*[1] rights when giving statement for it to be admissible at trial); *State v. Kennedy*, 333 S.C. 426, 429, 510 S.E.2d 714, 715 (1998) (finding implicit waiver sufficient); *State v. Hughes*, 336 S.C. 585, 594, 521 S.E.2d 500, 505 (1999) ("Absent coercive police conduct causally related to a confession, there is no basis for finding a confession constitutionally involuntary."); *State v. Moses*, 390 S.C. 502, 513-14, 702 S.E.2d 395, 401 (Ct. App. 2010) (recognizing free, knowing, and voluntary waiver may not be procured through use of threats, violence, promises, or improper influence, and requiring a court examining such a waiver to determine "whether the defendant's will was overborne by the totality of the circumstances surrounding the confession"); *State v. Miller*, 375 S.C. 370, 387, 652 S.E.2d 444, 453 (Ct. App. 2007) (stating a trial court examining totality of the circumstances surrounding a statement has the opportunity to "listen to the testimony, assess the demeanor and credibility of all witnesses, and weigh the evidence accordingly"); *State v. McAlister*, 133 S.C. 99, 101, 130 S.E. 511, 512 (1925) (holding trial court "passing on the preliminary question of admissibility . . . [i]s not bound to accept as true the defendant's testimony as to intimidation, even if such testimony [is] not directly controverted by the testimony of other witnesses").

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[ECF No. 9-6].

Respondent seeks summary judgment on Petitioner's involuntary statement claim alleging the Court of Appeals "directly addressed this issue and found it had no merit." [ECF No. 9 at 40]. Respondent argues the Court of Appeals' determination is fully

supported by the record and is entitled to deference by this court. *Id.*

In his response, Petitioner cites to his state appellant brief, and the cases and facts cited therein, arguing "his statement was involuntar[il]y made in response to Detective Fleming telling Petitioner that he 'had to make a statement or he would be charged with murder.'" [ECF No. 14 at 18]. Petitioner alleges the finding that his statement was voluntary "was an unreasonable determination of the facts in light of the evidence presented at [his] trial." *Id.*

The undersigned has reviewed the record before the court and finds Petitioner has failed to present sufficient evidence to show that the state courts' rejection of this claim was contrary to, or involved an unreasonable application of, clearly established federal law. The undersigned also finds Petitioner failed to establish that the state court's rulings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's trial. *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (holding that federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was an unreasonable determination of the facts based on the evidence presented in the state court proceeding); *Williams v. Taylor*, 529 U.S. 420 (2000); *Bell v. Jarvis*, 236 F.3d 149, 157–58 (4th Cir. 2000); 28 U.S.C. § 2254(e)(1) (finding the determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence). Accordingly, the undersigned recommends Respondent's motion for summary judgment be granted and the petition be dismissed with prejudice.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Respondent's motion for

summary judgment [ECF No. 8] be granted.

IT IS SO RECOMMENDED.

April 25, 2017                                Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).