IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Terrell Chandler, ) | |
| ) | C.A. No. 1:16-2994-HMH-SVH |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Warden Joseph McFadden, ) | |
| Lieber Corr. Inst., ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Terrell Chandler ("Chandler") is a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation, Magistrate Judge Hodges recommends granting the Respondent's motion for summary judgment and dismissing Chandler's petition with prejudice.

I. FACTUAL AND PROCEDURAL BACKGROUND

Chandler is currently incarcerated at the Lieber Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. In November 2008, Chandler was indicted in South Carolina state court for murder and possession of a weapon during the commission of a

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

violent crime. (Mot. Summ. J. Ex. 3 (App'x 1049-53), ECF No. 9-3.) After a jury trial, Chandler was found guilty on June 10, 2010. (Id. Ex. 3 (App'x 1023-24), ECF No. 9-3.) Chandler was sentenced to 45 years' imprisonment for murder and 5 years' imprisonment for possession of a weapon during the commission of a violent crime, such terms to be served consecutively. (Id. Ex. 3 (App'x 1046), ECF No. 9-3.)

Chandler appealed his conviction. (Id. Ex. 4 (Final Br. of Appellant), ECF No. 9-4.) The South Carolina Court of Appeals affirmed Chandler's conviction in an unpublished opinion dated May 23, 2012. (Id. Ex. 5 (May 23, 2012 Order), ECF No. 9-5.) On August 1, 2012, Chandler filed an application for post-conviction relief ("PCR") raising ineffective assistance of counsel claims. (Mot. Summ. J. Ex. 1 (App'x 1055-62), ECF No. 9-3.) An evidentiary hearing was held on November 18, 2013. (Id. Ex. 1 (App'x 1073-1132), ECF No. 9-3.) On October 27, 2014, the PCR court denied Chandler's PCR application. (Id. Ex. 1 (App'x 1133-45), ECF No. 9-3). Chandler filed a petition for writ of certiorari with the South Carolina Supreme Court on October 29, 2014. (Id. Ex. 8 (Pet. for Writ of Cert. 4) ECF No. 9-8.) On April 15, 2016, the South Carolina Supreme Court denied Chandler's petition for writ of certiorari. (Id. Ex. 9 (Apr. 15, 2016 Order), ECF No. 9-9.)

Chandler, acting pro se, filed the instant § 2254 petition on August 23, 2016,[2] raising the following grounds for relief:

> **Ground One:** The South Carolina Court of Appeals decision affirming Petitioner's conviction and sentence, that his statement was voluntary, was an unreasonable determination of the facts in light of the evidence presented in the trial.

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

2

**Supporting Facts:** Petitioner was placed in a 10x10 hot and stuffy room for five hours for interrogation. Only a short portion of this interrogation was recorded. Petitioner gave a written statement after being told that if he refused to make a statement he would be charged with murder. The lead detective (Osborne) stepped out of the room and a Detective Fleming entered the small room [detective that told Petitioner he had to make a statement or be charged with murder].

**Ground Two**: Ineffective Assistance of Trial Counsel

**Supporting Facts:** Trial counsel rendered constitutionally deficient assistance in failing to request that the jury be instructed that the testimony of a co-defendant who provides evidence against the defendant [Petitioner] for expected gain, the hope of reward or for personal advantage or vindication, must be examined and weighed by the jury with the greater care than the testimony of an ordinary witness.

**Ground Three:** Due Process Violation–Fourteenth Amendment to the United States Constitution.

**Supporting Facts:** The state proffered false testimony from co-defendant and state's witness Steven Brown in regards to the Petitioner's involvement in the murder of Calvin Gibbs. Brown testified at Petitioner's trial that he entered into a proffer agreement with the state. That all he had to do–give truthful information to the solicitor's office–to tell the truth.

**Ground Four:** Ineffective Assistance of Appellate Counsel violation of Sixth and Fourteenth Amendments, Due Process violation

**Supporting Facts:** Appellate counsel was ineffective in failing to raise the issues of accomplice liability jury charge requested by the State that was objected to and argued before the trial court and overruled, on direct appeal.

**Ground Five:** Ineffective Assistance of Appellate Counsel, violation of Sixth and Fourteenth Amendments, Due Process violation.

**Supporting Facts:** Appellate counsel was ineffective for failing to raise "The trial court erred in refusing to grant a directed verdict on the charge of murder because the State failed to present any substantial evidence beyond a reasonable doubt of Appellant's guilt."

(§ 2254 Pet. 5-10, 16-27, ECF No. 1 (errors in original).)

On October 11, 2016, Respondent filed a motion for summary judgment. (Mot. Summ. J., ECF No. 8.) Chandler responded on December 5, 2016. (Resp. Opp'n Mot. Summ. J., ECF No. 14.) On December 12, 2016, Respondent replied. (Reply, ECF No. 18.) Magistrate Judge Hodges issued her Report and Recommendation on April 25, 2017, recommending granting Respondent's motion for summary judgment and dismissing Chandler's petition with prejudice. (R&R 22, ECF No. 20.) Having received no objections by the deadline, the court issued an order on May 15, 2017, adopting the Report and Recommendation. (May 15, 2017 Order, ECF No. 23.) On May 9, 2017,[3] although not received by the court until May 16, 2017, Chandler timely filed objections to the Report and Recommendation. (Objs., ECF No. 26.) Therefore, the court vacates its May 15, 2017 order and will consider Chandler's timely objections.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

---

[3] See id.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies

5

the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)).  Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable."  Id. (quoting Williams, 529 U.S. at 410).  "Thus, to grant [a petitioner's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

**C. Objections**

Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, many of Chandler's objections are nonspecific or merely restate his claims.  However, the court was able to glean two specific objections. Chandler objects that the magistrate judge erred in finding: (1) that grounds two and five were procedurally defaulted and (2) that the South Carolina Court of Appeals holding regarding the voluntariness of Chandler's statements to investigators was not an unreasonable determination of the facts in light of the evidence presented at trial. (Objs. 2-5, ECF No. 26.)

## 1. Procedural Default

Chandler objects that the magistrate judge erred by finding that grounds two and four[4] were procedurally defaulted. (Id. at 2-5, ECF No. 26.) Chandler concedes that these grounds were not previously raised in state court, but argues that there is cause to excuse his procedural default and consider these claims. (Id., ECF No. 26.) Further, in regard to ground four, Chandler argues that under Martinez v. Ryan, 566 U.S. 1 (2012), his procedural default should be excused because his appellate counsel was ineffective for failing to appeal the trial court's accomplice liability jury instruction. (Objs. 5, ECF No. 26.)

Absent a valid excuse, a state prisoner must first exhaust state remedies before seeking federal habeas relief. See 28 U.S.C. § 2254(b)(1); Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999). Procedural default may be excused only if Chandler "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Generally, ineffective assistance of counsel "will constitute cause only if it is an independent constitutional violation." Id. at 755. However, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial." Martinez, 566 U.S. at 9.

First, the magistrate judge found that there was no cause to excuse Chandler's procedural default of ground two. The magistrate judge found that Chandler failed to demonstrate that counsel was ineffective for failing to request a jury charge which instructed the

---

[4] Chandler refers to ground four of his § 2254 petition as ground five in his objections.

jury to weigh Chandler's co-defendant's testimony with "greater care than the testimony of an ordinary witness," and for failing to object to the court's jury charge in regard to weight and credibility of testimony. (R&R 17-18, ECF No. 20.) As a result, the magistrate judge found no cause to excuse Chandler's procedural default because Chandler failed to demonstrate that the state court's jury instructions were in error. (Id. at 18, ECF No. 20.)

In response, Chandler argues that Lee v. United States, 343 U.S. 747 (1952), supports his claim that the trial court's failure to charge the jury on the weight of his co-defendant's testimony amounted to a violation of his right to due process. (Objs. 4, ECF No. 26.) However, Lee does not support a constitutional requirement that the trial court give a "co-defendant instruction." Instead, Lee supports a jury instruction which directs the jury to determine the proper weight and credibility of testimony. Lee, 343 U.S. at 757 ("The trend of the law in recent years has been to turn away from rigid rules of incompetence, in favor of admitting testimony and allowing the trier of fact to judge the weight to be given [to] it.").

In the instant case, Chandler has failed to demonstrate that the trial judge's credibility instructions were inadequate, or demonstrate prejudice from counsel's failure to request a "co-defendant instruction." Therefore, the magistrate judge did not err in finding that ground two was procedurally defaulted.

Second, the magistrate judge found that ground four of Chandler's § 2254 petition was procedurally defaulted because Martinez does not excuse the default of direct appeal claims and Chandler failed to demonstrate cause to overcome his procedural default. (R&R 18-19, ECF No. 20). Chandler alleges that appellate counsel was ineffective for failing to argue on appeal that the trial court improperly charged the jury on accomplice liability. (Objs. 5, ECF No. 26.)

The magistrate judge correctly found that Martinez does not apply to ground four because ground four concerns attorney error in a direct review proceeding. Martinez, 566 U.S. at 16 (The Court's holding "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons."). Further, Chandler has failed to demonstrate cause to excuse his procedural default. Under South Carolina law, "[i]t is error to refuse a requested charge on an issue raised by the indictment and the evidence presented at trial." State v. Kimbrell, 362 S.E.2d 630 (S.C. 1987). By Chandler's admission, the State presented evidence which, at the least, suggested that Chandler was an accomplice to the murder. (Resp. Opp'n Mot. Summ. J. 25, ECF No. 14.) Therefore, the magistrate judge did not err in finding that Chandler failed to demonstrate cause which would excuse his procedural default. As a result, Chandler's objection is without merit.

### 2. Voluntariness of Statement

Chandler objects that the magistrate judge erred in finding that he failed to present clear and convincing evidence that his second and third statements to police investigators were not voluntary. (Objs. 3-4, ECF No. 26.) Chandler alleges that his statements were coerced by a police detective threatening that he would be charged with murder unless he made a statement. (Id. at 3, ECF No. 26.) As a result, Chandler argues that his statements were not made voluntarily and should have been excluded. (Id., ECF No. 26.)

"[The] issue of 'voluntariness is a legal question requiring independent federal determination." Miller v. Fenton, 474 U.S. 104, 110 (1985) (internal quotation marks omitted). When considering the voluntariness of a defendant's statement, the court must

9

> determine whether the confession was extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, or by the exertion of any improper influence. . . . The proper inquiry is whether the defendant's will has been overborne or his capacity for self-determination is impaired. Courts must conduct this voluntariness inquiry in light of the totality of the circumstances, including the characteristics of the defendant, the setting of the interview, and the details of the interrogation.

United States v. Byers, 649 F.3d 197, 215 (4th Cir. 2011) (internal quotation marks and citations omitted). Even where a threat or implied promise is made, a defendant's statement will not be invalidated unless the coercion is "sufficient to cause the petitioner's will to be overborne and his capacity for self-determination [is] critically impaired." United States v. Braxton, 112 F.3d 777, 783 (4th Cir. 1997) (internal quotation marks omitted).

Chandler's arguments are not supported by the record. The trial court conducted a Jackson v. Denno[5] hearing to determine the voluntariness of Chandler's statements. During the hearing, Detective Osborne ("Osborne") testified that he informed Chandler of his Miranda[6] rights and that Chandler signed a Miranda waiver. (Mot. Summ. J. Ex. 1 (App'x 74-75), ECF No. 9-1.) Additionally, Osborne stated that he told Chandler that his co-defendants alleged that Chandler committed the murder. (Id. Ex. 1 (App'x 88), ECF No. 9-1.) Osborne testified that Chandler's first statement was not recorded or reduced to writing. (Id. Ex. 1 (App'x 76-77), ECF No. 9-1.) Shortly thereafter, Chandler made a second statement which was audio-recorded, reduced to writing, reviewed, and signed by Chandler. (Id. Ex. 1 (App'x 76-77), ECF No. 9-1.) After Chandler completed the written statement, Osborne left the interview room and another detective, Jerome Fleming ("Fleming") entered the interview room. (Id. Ex. 1 (App'x 79), ECF

---

[5] Jackson v. Denno, 378 U.S. 368 (1964).

[6] Miranda v. Arizona, 384 U.S. 436 (1966).

10

No. 9-1.) Osborne testified that his work station is located next to the interview room door and he did not hear yelling or any loud sounds coming from the interview room during his absence. (Mot. Summ. J. Ex. 1 (App'x 93), ECF No. 9-1.) Subsequently, Osborne returned to the interview room and asked Chandler if he wished to amend his statement. (Id. Ex. 1 (App'x 79), ECF No. 9-1.) Osborne testified that Chandler told him "he was ready to tell me everything that happened." (Id. Ex. 1 (App'x 94), ECF No. 9-1.) Chandler then made a third statement which was audio-recorded, but not reduced to writing. (Id. Ex. 1 (App'x 80), ECF No. 9-1.)

During the Jackson v. Denno hearing, Chandler testified that Fleming told him that he would be charged with murder if he did not write a statement. (Id. Ex. 1 (App'x 102), ECF No. 9-1.) Chandler stated that he was intimidated by Fleming and his confinement in a small room alone with Fleming. (Mot. Summ. J. Ex. 1 (App'x 102), ECF No. 9-1.) However, Chandler stated that he gave his third statement "voluntarily, but I still had the ultimatum on the table. I didn't want to be charged with murder, so I gave a statement." (Id. Ex. 1 (App'x 103-04), ECF No. 9-1.)

The totality of the circumstances demonstrate that Chandler's statements were made knowingly and voluntarily. First, Chandler was advised of his Miranda rights prior to questioning. Second, Chandler voluntarily provided two statements prior to Fleming entering the interview room. Third, Chandler was aware that his co-defendants had stated that he was responsible for the murder prior to Fleming entering the interview room. As a result, Chandler was aware that he may have been suspected of murder. Further, the trial court did not find Chandler's claim that he felt coerced credible. (Id. Ex. 1 (App'x 106), ECF No. 9-1.) Based on the foregoing, the magistrate judge did not err in finding that the trial court's determination that

Chandler's claims were voluntary was not an unreasonable determination of the facts or contrary to existing law.  As a result, Chandler's objection is without merit.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the magistrate judge's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that the court's May 15, 2017 order, docket number 23, is vacated.  It is further

**ORDERED** that Respondent's motion for summary judgment, docket number 8, is granted, and Chandler's § 2254 petition, docket number 1, is dismissed with prejudice.  It is further

**ORDERED** that a certificate of appealability is denied because Chandler has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**


                                              s/Henry M. Herlong, Jr.
                                              Senior United States District Judge

Greenville, South Carolina
June 5, 2017


### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.